**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3841
_____

SEAN M. DONAHUE,

Appellant

v.

R. ALEXANDER ACOSTA, UNITED STATES DEPARTMENT OF LABOR;
UNITED STATES DEPARTMENT OF LABOR; THE COMMONWEALTH OF
PENNSYLVANIA, IN ITS CAPACITY AS A SOVEREIGN SIGNATORY TO THE
U.S. CONSTITUTION; THE LUZERNE/SCHUYLKILL COUNTIES WORKFORCE
INVESTMENT BOARD, INC.; PRESIDENT DONALD J. TRUMP

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:17-cv-01759)
District Judge:  Honorable Robert D. Mariani

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 21, 2019

Before:  MCKEE, COWEN, and RENDELL, <u>Circuit Judges</u>

(Opinion filed:  October 17, 2019)

## O P I N I O N*

PER CURIAM

Sean M. Donahue appeals an order of the United States District Court for the Middle District of Pennsylvania dismissing his amended complaint for failure to state a claim. For the following reasons, we will affirm.

Donahue is a pro se litigant who has filed several federal lawsuits arising out of his state court convictions for harassment. Those convictions stemmed from threatening emails that Donahue sent to state employees complaining that he had been improperly denied services at state employment offices. In September 2017, he filed in the District Court another such lawsuit, captioned "Petition for a Writ of Mandamus." Donahue claimed that a state court criminal sentence that prohibits him from entering certain employment services offices interferes with his ability to utilize preferential job placement benefits that are afforded to veterans. He named as defendants the United States Department of Labor, the Secretary of Labor, the Commonwealth of Pennsylvania, and the Luzerne and Schuylkill Counties Workforce Investment Board.

The matter was referred to a Magistrate Judge, who granted Donahue's request to proceed in forma pauperis (IFP) but concluded that he was not entitled to mandamus relief and that his claims were barred by Heck v. Humphrey, the Rooker-Feldman

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

doctrine, and the Younger abstention doctrine.[1]  Nevertheless, the Magistrate Judge recommended that the action be dismissed without prejudice so that Donahue could amend his claims.  The District Court adopted the Report and Recommendation and provided Donahue with 21 days to file an amended complaint.

Donahue filed a timely amended pleading, adding President Trump as a defendant, and asking the District Court to "intervene" and direct the defendants to provide him with "veterans priority job referrals under the US Jobs for Veterans Act …."  (ECF #6, p. 4-5, 8).  The Magistrate Judge again concluded that mandamus relief was not warranted because Donahue did "not describe a plainly non-discretionary duty on the defendants' part" and did not "set forth well-pleaded facts giving [him] an absolute entitlement to the particular form of relief which he seeks."  In addition, the Magistrate Judge stated that Heck barred Donahue's attempt to seek relief from his conviction in a civil rights action.  To the extent that Donahue sought an order "quash[ing]" portions of the state court sentencing order, the Magistrate Judge concluded that his claims were barred by the Rooker-Feldman doctrine.  Accordingly, the Magistrate Judge recommended that the amended complaint be dismissed with prejudice.  Over Donahue's objections, the District Court adopted the Report and Recommendation and dismissed the amended complaint with prejudice.  Donahue appealed.[2]

---

[1] Heck v. Humphrey, 512 U.S. 477 (1994); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Younger v. Harris, 401 U.S. 37 (1971).
[2] Donahue has filed a notice of new evidence and motion to strike his state court conviction and trial testimony.

3

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's order dismissing the complaint is de novo. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000); Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 163 (3d Cir. 2010).

Donahue's claims lack merit. In his amended submission, he purported to "correct[] defects" in his initial pleading. (ECF #6, p. 2). But, at bottom, Donahue again asked the District Court to order the defendants to vacate his state court sentence and provide him with "veterans priority job referrals." (Id. at p. 4, 10). According to Donahue, the Department of Labor has a "nondiscretionary duty" to provide him with those referrals. (Id. at p. 6). But, pursuant to the sentences in his criminal cases, Donahue was prohibited from visiting certain career services offices. He asked the District Court to "intentionally disturb and overturn the outcome of both state criminal trials." (Id. at 10).

As the Magistrate Judge explained, Donahue is not entitled to mandamus relief. Such relief is available only in extraordinary circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner seeking the writ "must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Donahue did not demonstrate that he is clearly entitled to have the Department of Labor provide him with job placement services or to have the state courts overturn his conviction. Notably, Donahue has not meaningfully challenged the Magistrate Judge's conclusion that a "substantial element of discretion … is an inherent part of many

4

Department of Labor job placement programs." Bartlett Mem'l Med. Ctr., Inc. v. Thompson, 347 F.3d 828, 831 (10th Cir. 2003) ("Because we find that the Secretary [of Health and Human Services] did not owe any clear, non-discretionary duty to Plaintiffs, we hold that mandamus jurisdiction does not lie[.]"). And, of course, Donahue had other means of challenging his criminal sentences. See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001) (providing that the proper avenue for challenging a state conviction in federal court is 28 U.S.C. § 2254).

To the extent that Donahue sought to use a civil rights action to obtain equitable relief – *i.e.*, to have the District Court overturn his state court sentences – his claim is barred by Heck. Heck holds that, where success in a § 1983 action would necessarily imply the invalidity of a conviction or sentence, an individual's suit for damages or equitable relief is barred unless he can demonstrate that his conviction or sentence has been invalidated. See Heck, 512 U.S. at 486-87; see also Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005). Donahue sought to challenge his sentence on the ground that the "State had no legal decision making jurisdiction regarding whether or not an honorably discharged veteran … received first priority use of resources." (ECF #6, p. 3). But, because an order overturning Donahue's state court sentences would necessarily imply the invalidity of those sentences, his claim is Heck-barred.

Moreover, if, as Donahue asserts, an "underlying criminal case is on appeal in the state system," Appellant's Br., p. 18, it would be inappropriate to interfere with those ongoing state criminal proceedings. See Younger, 401 U.S. at 46. And, to the extent that Donahue sought to challenge a final state court conviction, his claim is barred by the

5

<u>Rooker-Feldman</u> doctrine.  That doctrine deprives lower federal courts of jurisdiction over suits that are essentially appeals from state-court judgments.  <u>Great W. Mining & Mineral Co. v. Fox Rothschild LLP</u>, 615 F.3d 159, 165 (3d Cir. 2010).  "[F]our requirements . . . must be met for the <u>Rooker</u>-<u>Feldman</u> doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." <u>Id.</u> at 166 (quoting <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 284 (2005)) (alterations in original).  Those requirements have been met here.  Donahue was convicted in state court before bringing the underlying action, he complained that his sentence prevents him from obtaining veterans job benefits, and he asked the District Court to overturn the sentence.  <u>See</u> <u>Erlandson v. Northglenn Mun. Ct.</u>, 528 F.3d 785, 788-90 (10th Cir. 2008) (holding that <u>Rooker</u>-<u>Feldman</u> doctrine barred challenge in federal district court to municipal court conviction and fine).

Accordingly, we will affirm the District Court's judgment.